JAMES A. JOHNSON, Appellant, *v.* MARY T. LORD and Others, Respondents.

*Real estate broker — when he is not entitled to commissions — when he is not the procuring cause of the sale — judgment upon the merits — costs on appeal.*

In an action by a broker to recover his commission upon a sale of real property belonging to the defendants, the evidence of the plaintiff tended to show that he had been employed by the defendants' agent to secure a purchaser for the property, and that the plaintiff called the matter to the attention of one Meyer, who made two offers for the property which were refused; that the matter remained in abeyance for a year, when the plaintiff, at the request of the defendants' agent, told the latter the name of his proposed purchaser, and that the agent had several interviews with Meyer who offered, through the defendants' agent, $1,250 per acre, while the defendants demanded $1,500; that subsequently, another broker, who was authorized to find a purchaser at $1,500 an acre, saw Meyer and procured from him an offer of $1,350 per acre, which offer was accepted by the defendants and the land conveyed to Meyer.

*Held,* that the plaintiff had failed to prove that he was the procuring cause of the sale, and that his complaint was properly dismissed;

That while the judgment entered upon the dismissal was erroneous, in so far as it purported to dismiss the complaint *upon the merits,* the error did not affect the defendants' right to costs upon an appeal from the judgment.

APPEAL by the plaintiff, James A. Johnson, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 7th day of April, 1898, upon the dismissal of his complaint by direction of the court after a trial at the Kings County Trial Term.

*F. P. Trautmann,* for the appellant.

*Henry Wynans Jessup* [*David Bennett King* with him on the brief], for the respondents.

GOODRICH, P. J.:

The plaintiff alleges in the complaint that he was a real estate broker; that one Robertson, as the agent of the defendants, who were the owners of 102 acres of land at Newtown, Queens county, employed him as such broker to procure a purchaser for said land, and that on March 22, 1892, he obtained one Meyer as such purchaser, which was satisfactory to the defendants, who on August 8, 1893, sold and conveyed the land to said Meyer for $138,630.69; that the plaintiff was the procuring cause of the sale and that the usual brokerage is two and one-half per centum, no part of which had been paid.

The answer put in issue the main allegations of the complaint, and the issue thereby framed came on for trial at the Trial Term. At the close of all the evidence a motion was made " to dismiss the complaint on the specific ground that its allegations towards which the proof was directed are unproved in their entire scope." The plaintiff asked to go to the jury on " the question of the procuring cause and upon good faith and upon our employment." The court dismissed the complaint and a judgment was entered dismissing the complaint on the merits. From this judgment the plaintiff appeals.

The plaintiff failed to allege or prove that he was exclusively employed by the defendants to sell the premises. The utmost power which his evidence disclosed was that he was authorized to

find a purchaser for the property. It appeared that the plaintiff brought the subject to the notice of Meyer, who offered a certain price for these and other premises; that he communicated the offer to Robertson, who told him that it would be referred to Lord, who was then in France; that the offer was not accepted; that Meyer then offered $1,250 per acre for the land, which was also communicated, through Robertson, to Lord; that the matter remained in abeyance for about a year, when Robertson asked of and obtained from the plaintiff the name of his proposed purchaser; and that he had subsequent interviews with Meyer, who offered through him only $1,250 per acre, while Lord demanded $1,500. It further appeared that another broker, named Woodburn, was authorized to find a purchaser at $1,500, and that he saw Meyer, offered him the land at that price and finally obtained from him an offer of $1,350, which was communicated to Lord and accepted by him. Thereafter the land was conveyed to Meyer by the defendants.

Upon this evidence there can be no question that the plaintiff failed to prove that he was the procuring cause of the sale, within the numerous decisions of the Court of Appeals. To differ from well-announced authority of that court is a course of action always fraught with more or less difficulty.

In *Sibbald* v. *The Bethlehem Iron Company* (83 N. Y. 378) the court held that a broker is never entitled to commissions for unsuccessful efforts, no matter what labor and effort he may have expended to secure a bargain. The court said (p. 383): "And in such event it matters not that after his failure, and the termination of his agency, what he has done proves of use and benefit to the principal. In a multitude of cases that must necessarily result. He may have introduced to each other parties who otherwise would have never met; he may have created impressions which, under later and more favorable circumstances, naturally lead to and materially assist in the consummation of a sale; he may have planted the very seeds from which others reap the harvest; but all that gives him no claim. It was part of his risk that, failing himself, not successful in fulfilling his obligations, others might be left to some extent to avail themselves of the fruit of his labors. As was said in *Wylie* v. *Marine National Bank* (61 N. Y. 416), in such a case the principal violates no right of the broker by selling to the first party

who offers the price asked, and it matters not the sale is to the very party with whom the broker had been negotiating. He failed to find or produce a purchaser upon the terms prescribed in his employment, and the principal was under no obligation to wait longer that he might make further efforts."

I have cited the language of this opinion to obviate the necessity of other reference.

It follows that there was no error in dismissing the complaint; but the judgment is erroneous, as it purports to dismiss the complaint on its merits. The judgment could, and doubtless would, have been modified on motion, so as to strike out the words "on the merits;" and such modification must now be made. This does not, however, affect the defedants' right to costs on this appeal.

The judgment as modified is affirmed, with costs.

All concurred; BARTLETT, J., in result.

Judgment modified by striking out the words "on the merits," and as modified affirmed, with costs.